IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CADARIUS J. HOLLAND, 264673, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:15-cv-918-MHT |
| ) | |
| LT. J. SEWELL, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Cadarius J. Holland ("Holland"), an indigent state inmate. In the instant complaint, Holland alleges that after involvement in an altercation with another inmate defendant Sewell pushed his head into a window while cursing him and thereafter refused to investigate the aforementioned altercation.[1]

Pursuant to the orders of this court, the defendants filed a special report supported by relevant evidentiary materials, including affidavits and medical records, in which they address the claims for relief presented by Holland. The reports and evidentiary materials refute the self-serving, conclusory allegations presented by Holland. Specifically, the defendants assert that Lt. Sewell did not act in violation of the plaintiff's constitutional rights as he merely disarmed the inmate attacking Holland and took no adverse action against Holland. The unrefuted evidentiary materials further demonstrate that Lt. Sewell

---

[1] The actions about which Holland complains occurred on November 11, 2015 at the Staton Correctional Facility.

conducted an investigation of the altercation between the inmates, determined that Holland was not at fault and ordered that he be released to general population. Immediately after the actions referenced in the complaint, correctional officials transported Holland to the health care unit for examination by medical personnel. The undisputed medical records compiled contemporaneously with the treatment provided to Holland establish that Holland merely advised medical personnel that he "almost got stabbed by another inmate." *Doc. No. 18-1* at 8. He made no mention of any use of force by a correctional officer and did not complain of any injuries to his head or neck. *Id*. Moreover, the attending nurse found no injuries consistent with Holland's claims regarding the use of force by Lt. Sewell.

In light of the foregoing, the court issued an order directing Holland to file a response to the defendants' written report. *Doc. No. 19*. The order advised Holland that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. (emphasis in original). The time allotted Holland for filing a response in compliance with the directives of this order expired on February 29, 2016. Holland has failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the

proper course of action at this time.  Specifically, Holland is an indigent individual.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Holland's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case.  Finally, the evidentiary materials submitted by the defendants, which are at this point undisputed by the plaintiff, demonstrate that no violation of the Constitution occurred.  It therefore appears that any additional effort by this court to secure Holland's compliance would be unavailing.  Consequently, the court concludes that Holland's abandonment of his claims and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further ORDERED that on or before **February 14, 2017** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo

determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

      The Clerk is DIRECTED to provide a copy of this Recommendation to the plaintiff at his address of record and his current address as indicated by the records of the Alabama Department of Corrections, the Frank Lee Youth Center.

      DONE this 27th day of January, 2017.

        /s/Terry F. Moorer
        TERRY F. MOORER
        UNITED STATES MAGISTRATE JUDGE